Phebe Roullard
vs.
William H. McSoley,
Guardian

P. A. No. 1370.

October 2, 1933.

CHURCHILL, J. Heard on motion to dismiss an appeal.

The appeal is from a decree of a Court of Probate approving the appointment of a guardian by a minor over the age of 14 under the provisions of Chap. 372, Sec. 3, Gen. Laws 1923.

The appeal is prosecuted by Phebe Roullard, who described herself in the appeal papers as "the grandmother and sole parent of Woodrow Wilson Welsh, a minor".

The appellee maintains that the appellant is not a person aggrieved within the meaning of Chap. 362, Sec. 1, Gen. Laws 1923. This section provides that "any person aggrieved by an order or decree of a court of probate may * * * appeal therefrom".

It was said in *Tillinghast* vs. *Brown University*, 24 R. I. 179, that "a party is aggrieved by the judgment or decree when it operates on his rights of property or bears directly upon his interest. * * * The word 'aggrieved' refers to a substantial grievance, a denial of some personal or property right or the imposition upon a party of a burden or obligation." The claim of appeal and the reasons of appeal show that the appellant stood in loco parentis.

"A party standing in such a relationship towards a minor is bound for the maintenance, care and education of the child and is entitled to its reasonable services without pay in the same manner as an actual parent."

20 R. C. L. pp. 593, 594.

And in this state it has been ruled that a person in loco parentis could maintain an action of negligence for loss of services.

*McGarr* vs. *The National Providence Worsted Mills*, 24 R. I. 447.

Under our statute in relation to paupers, Chap. 105, Sec. 5, Gen. Laws 1923, the grandmother is made liable for the support of a grandchild, and the Court in the McGarr case quoted with approval cases to the point that the effect of the statute was to vest in the person liable for support the right to the services of the minor.

It therefore appears that in the case at bar the appellant has a legal interest in the relationship existing between herself and the minor and it is clear that the decree operates on that interest and directly affects it.

The cases of *McKenna* vs. *McKenna*, 29 R. I. 224, and *Hadfield* vs. *Cushing*, 35 R. I. 306, were cases of guardianship over adults in which different considerations were involved, and in *Greene* vs. *Willis*, 47 R. I. 251, a different appellate procedure was involved.

The motion to dismiss is denied.

For appellant: Archambault & Archambault.

For appellee: William H. McSoley.

Ruth Peters
vs.
United Electric Railways Co.

No. 87232.

October 4, 1933.

CHURCHILL, J. Heard on motion to file additional count.

Inasmuch as the plaintiff did not accompany her motion with a copy of the proposed additional count, or otherwise give the substance of the proposed count, the Court is unable to rule on the matter.

The motion is therefore denied but without prejudice to the right of the plaintiff to renew such motion when accompanied by a copy of the proposed additional count.

For plaintiff: Hogan & Hogan.

For defendant: Clifford Whipple. Earl Sweeney.